# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**NAYIBE AVILES,**

        **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　**Case No. 6:04-cv-1761-Orl-KRS**

**RANCHERITOS SALSA, INC.,**
**GUADALUPE BACA,**
        **Defendants.**

_____

## ORDER

This cause came on for consideration after oral argument on the oral motion made by Plaintiff Nayibe Aviles at a hearing held October 10, 2006, to enter a default and default judgment against Defendants Rancheritos Salsa, Inc., and Guadalupe Baca.

In response to an Order to Show Cause, counsel advised the Court that a settlement had been reached in the case, but that the settlement agreement had not been signed by the defendants. I entered an Order and Notice of Hearing requiring Defendant Baca and a representative of Defendant Rancheritos Salsa, Inc. personally to appear before the Court to address the status of the case. In the Order and Notice of Hearing, I advised the defendants that failure to appear would result in the imposition of sanctions. Doc. No. 37 (citing Fed. R. Civ. P. 16(f)); Doc. No. 39.

The Court's records indicate that the orders and notices of hearing sent to the defendants' business address was returned as undeliverable. However, the orders and notices of hearing sent to Baca's personal address were not returned. Additionally, counsel for the defendants represented that he had forwarded the orders and notices of hearing to the defendants as required by my orders.

Counsel for Aviles and the defendants appeared at the hearing, but neither Baca nor a representative of Rancheritos Salsa, Inc. appeared. Counsel for both parties advised the Court that in September 2005, the parties reached a settlement agreement in this case. However, the defendants never signed the agreement, and have not communicated with their counsel regarding the settlement agreement or this case since that time.

Aviles orally moved for the entry of default against both defendants, and for the entry of default judgment in the amount set out in the settlement agreement. The settlement agreement provides that the defendants will pay Aviles $3,500.00 in full settlement of the litigation. Doc. No. 41. Counsel for the defendants represented at the hearing that he had orally entered into the settlement agreement on behalf of his clients with full authorization to do so from the defendants.

Pursuant to Federal Rule of Civil Procedure 16(f), "[i]f a party . . . fails to obey a scheduling or pretrial order . . . the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D)." Rule 37(b)(2)(C) authorizes the court, when appropriate, to strike pleadings, stay proceedings, dismiss the action or any part therefore, or render a judgment by default against a disobedient party.

Based on the foregoing, and for the reasons stated on the record at the hearing, the oral motion for the entry of default is **GRANTED**. The Answer filed by the defendants, doc. no. 17, is **STRICKEN**. Further, the oral motion for the entry of default judgment is **GRANTED,** and the settlement agreement reached between the parties is approved.

The Clerk of Court is directed to enter judgment by default against Rancheritos Salsa, Inc. and Guadalupe Baca, jointly and severally, in the amount of $3,500.00. After entry of judgment, the Clerk of Court is directed to close the file.

**DONE** and **ORDERED** in Orlando, Florida on October 12, 2006.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties